IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JEFFREY SHAW | * | |
| v. | * | Civil No. CCB-13-2879 |
| | * | Criminal No. CCB-10-0489 |
| UNITED STATES OF AMERICA | * | |

******

## MEMORANDUM

Pending before the court is a petition to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Jeffrey Shaw. For the reasons stated below, the motion to vacate will be denied.

On May 25, 2011, Shaw pleaded guilty to one count of a four-count indictment, admitting to possession of a firearm in furtherance of a drug-trafficking crime. *See* 18 U.S.C. § 924(c). Although his plea agreement stipulated that he was a career offender, he was sentenced to 140 months imprisonment on October 14, 2011.[1] At that time, the court dismissed the remaining three counts in the indictment. Shaw appealed his sentence to the Fourth Circuit, which affirmed the judgment in part and dismissed the appeal in part.[2] *See United States v. Shaw*, 484 Fed. App'x 777 (4th Cir. 2012).

---

[1] This sentence was substantially below the advisory guideline range applicable to Shaw as a career offender.

[2] The Fourth Circuit found Shaw had no meritorious grounds for appeal and, thus, affirmed his conviction and dismissed the appeal of his sentence. Shaw challenged the voluntariness of his guilty plea, but the Fourth Circuit determined his plea was valid. Having rejected Shaw's challenge to his guilty plea, the Fourth Circuit concluded that he waived his right to appeal his conviction and sentence as well as the district court's ruling on his motion to suppress. Finally, to the extent Shaw challenged his plea counsel as ineffective, the Fourth Circuit concluded that ineffective assistance of counsel did not conclusively appear on the face of the record and that he should raise this claim in a § 2255 motion.

Shaw now claims that his counsel was ineffective because he erroneously advised Shaw to plead guilty, neglected to argue at the suppression hearing whether the police officer who stopped his vehicle was acting outside the jurisdiction of his department, failed to adequately advise him at the Rule 11 hearing about the consequences of pleading guilty and to raise an objection during that hearing, and did not communicate with him during the appeal and breached his duty to him by filing an *Anders* brief.  To sustain a claim for ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth by the Supreme Court in *Strickland v. Washington*. 466 U.S. 668, 687 (1984).  First, the petitioner must show "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88.  Specifically, the petitioner must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.  In evaluating such conduct, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  To satisfy the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Shaw cannot satisfy the *Strickland* standard, as all his claims are without merit.  First, Shaw's attorney did not act unreasonably in advising him to plead guilty.  Police, upon searching the trunk of the car in which Shaw was a passenger, discovered a loaded handgun along with more than 500 grams of cocaine.  The close proximity of the handgun to the cocaine, the fact that the handgun was loaded and was easily accessible to Shaw, and the fact that Shaw possessed the

handgun illegally as a convicted felon provide a sufficient nexus to conclude the firearm was possessed in furtherance of a drug crime.[3]

Next, Shaw fails to show that his attorney acted unreasonably at the suppression hearing or at the Rule 11 hearing. Shaw's lawyer did in fact argue at the suppression hearing that the police officer who executed the traffic stop lacked jurisdiction to do so. That the court ultimately rejected this argument does not mean counsel was ineffective. *See Bell v. Evatt*, 72 F.3d 421, 429 (4th Cir. 1995). As for Shaw's claim that his lawyer did not provide effective assistance at the Rule 11 hearing, there is nothing to which his lawyer could have reasonably objected, and the record of that hearing plainly indicates that Shaw understood the nature of the charge and the consequences of pleading guilty to it.[4] He was thoroughly advised of the rights he was relinquishing, and he knowingly and voluntarily waived his right to appeal his sentence and conviction and to challenge the disposition of the suppression hearing.[5]

Finally, Shaw's counsel was not ineffective on appeal, nor did he breach any duty to Shaw by filing an *Anders* brief. Moreover, even if appellate counsel's performance was unreasonable, Shaw cannot demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The Fourth Circuit was satisfied that his guilty plea was valid and, thus, concluded that Shaw waived his right to appeal his conviction and sentence as well as the district court's ruling on his motion to suppress.

---

[3] To the extent Shaw argues that his conviction should be vacated due to insufficient evidence, this argument must be rejected for the reasons stated above.

[4] Moreover, he indicated during the Rule 11 hearing that he was completely satisfied with the representation of his attorney and that there was nothing else his counsel should have done.

[5] Accordingly, to the extent Shaw once again challenges his guilty plea because he did not understand the nature of the charge or the protections he was waiving, this argument must also be rejected.

The court will deny Shaw's motion to vacate, and will not issue a certificate of appealability under 28 U.S.C. § 2253(c). A separate Order follows.


<u>June 24, 2014</u>                                              <u>          /s/          </u>
Date                                                              Catherine C. Blake
                                                                  United States District Judge